ORIGINAL

Approved: *Alexandra Rothman*
 ALEXANDRA N. ROTHMAN
 Assistant United States Attorney

[STAMP: U.S. DISTRICT COURT FILED JUL 31 2017 S.D. OF N.Y.]

DOC #____

Before: HONORABLE GABRIEL W. GORENSTEIN
 United States Magistrate Judge
 Southern District of New York

17 MAG. 5726

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :    **SEALED COMPLAINT**
                                      :
         - v. -                       :    Violations of
                                      :    18 U.S.C. §§ 2252A and 2
DANIEL SHERLOCK,                      :
                                      :    COUNTY OF OFFENSE:
              Defendant.              :    NEW YORK
                                      :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

ANTHONY GIATTINO, being duly sworn, deposes and says that he is a Criminal Investigator with the United States Attorney's office for the Southern District of New York (the "U.S. Attorney's Office"), and charges as follows:

COUNT ONE
(Possession of Child Pornography)

1.  From at least in or around April 2017 up to and including in or around June 2017, in the Southern District of New York and elsewhere, DANIEL SHERLOCK, the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, SHERLOCK possessed images of child pornography at his place of employment in Manhattan, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Criminal Investigator with the U.S. Attorney's Office. I have been personally involved in the investigation of this matter, along with Special Investigators from the New York City Department of Investigation, Health and Hospital Office of the Inspector General ("DOI-OIG").

3. I base this affidavit on my experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## The Investigation

4. As set forth below, there is probable cause to believe that DANIEL SHERLOCK, the defendant, possessed child pornography at his place of employment from at least in or around April 2017 up to and including in or around June 2017. Based on a review of the contents of SHERLOCK's work computer, law enforcement agents recovered 86 images that appear consistent with child pornography. *See infra* ¶¶ 7(a)-(c). Law enforcement agents also found downloaded on SHERLOCK's computer a program named "CCleaner," which is a privacy and cleaning tool for computers. *See infra* ¶ 7(d). Moreover, SHERLOCK swiped into work on all days when child pornography was accessed or attempted to be removed from his computer. *See infra* ¶ 8.

5. Based on my conversations with a representative of New York City Health and Hospitals Corporation ("NYCHHC"), I have learned the following, in substance and in part:

   a. NYCHHC is the largest public health care system in the United States, providing health care services to over one million residents of New York every year. NYCHHC is also one of the largest employers in New York.

   b. Employees of NYCHHC are issued computers for use in their jobs. The computers are marked as NYCHHC property and provide for certain terms of use. Upon logging into a NYCHHC computer, the employee must read and accept the following warning:

<br/>

"This computer system including all related equipment is the property of the New York City Health and Hospitals Corporation and is solely for uses authorized by NYCHHC. You have no right to privacy on the system and all information and activity on the system may be monitored. Any unauthorized use of the system may result in disciplinary action civil or criminal penalties."

   c.   NYCHHC also creates a user profile for each employee, which is a combination of the employee's first and last names and certain numbers. An employee uses his or her user profile to log onto his or her NYCHHC-issued computer.

   d.   Due to the sensitive nature of the work at NYCHHC, employees are also issued access cards, which they must swipe upon entering work each day.

6.   Based on my review of records maintained by NYCHHC, I have learned the following, in substance and in part:

   a.   Since on or about June 13, 2016, DANIEL SHERLOCK, the defendant, has been employed by NYCHHC as a Senior Consultant for Management Information Systems.

   b.   SHERLOCK was provided with a NYCHHC-issued computer. SHERLOCK was also provided with a user profile, which is "sherlocd1."

7.   Based on my involvement in this investigation and my conversations with other law enforcement agents, including Special Investigators with DOI-OIG, I have learned the following, in substance and in part:

   a.   In or around June 2017, law enforcement agents seized the NYCHHC-issued computer (the "Sherlock Computer") of DANIEL SHERLOCK, the defendant, and searched the contents of the Sherlock Computer's hard drive (the "Hard Drive").

   b.   There were a total of 75 images found under the "Sherlocd1" user profile on the Hard Drive (the "75 Images"), all of which were located in the "thumb cache."[1] Based on my review

---

[1] The "thumb cache" is a file generated by a computer's operating system which contains thumbnail size images of images viewed on the computer. In this case, the "thumb cache" was created on or about April 20, 2017. Based on this information, I understand this to mean that the Sherlock Computer's user viewed certain images as thumbnails on the Sherlock Computer on or about April

3

of the images, as well as certain reports and records, the 75 Images appeared consistent with child pornography.

   c. There were also 11 images recovered from the Sherlock Computer's Recycle Bin (the "11 Images"), all of which were sent to the Recycle Bin on or about May 10, 2017. Based on my review of the images, as well as certain reports and records, the 11 Images appeared consistent with child pornography. A representative sample of these files is listed below, along with summary descriptions:

    i. **1425138662813-0.jpg** - This is a graphics file containing the image of a prepubescent female holding an adult male's penis in her hand and touching the penis with her tongue.

    ii. **1425138662813-2.jpg** - This is a graphics file containing the image of a prepubescent female inserting an adult male's penis into her mouth.

    iii. **1425138662813-5.jpg** - This is a graphics file containing the image of an adult male's penis touching a prepubescent female's bare chest with ejaculate displayed on her chest.

   d. There was also a program named "CCleaner" installed on the Sherlock Computer, which was used on or about May 22, 2017, and again on or about May 24, 2017. Based on my involvement in this investigation, I have learned that "CCleaner" is a privacy and cleaning tool for computers that removes files, cleans the computer registry,[2] and cleans traces of online activities.[3]

   e. Prior to the search of the Sherlock Computer, the only user profile to access the Sherlock Computer was "Sherlocd1."

---

20, 2017, and either then or at some point thereafter, viewed the 75 Images referenced above.

[2] A computer registry holds the settings for each user on a computer system.

[3] Based on my training and experience, individuals who possess contraband on potentially publicly accessible computers often employ mechanisms, such as "CCleaner," to remove any and all traces of their unlawful activity, in order to avoid law enforcement detection.

4

8.   Based on my review of access records maintained by NYCHHC, I have learned the following, in substance and in part:

a.   On or about April 20, 2017, the same day that the "thumb cache" was created on the Sherlock Computer, DANIEL SHERLOCK, the defendant, swiped his access card to enter his building at NYCHHC.

b.   On or about May 10, 2017, the same day that the Sherlock Computer's user sent 11 Images to the Computer's Recycle Bin, SHERLOCK swiped his access card to enter his building at NYCHHC.

c.   On or about May 22, 2017, and again on or about May 24, 2017, the same days that "CCleaner" was used on the Sherlock Computer, SHERLOCK swiped his access card to enter his building at NYCHHC.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of DANIEL SHERLOCK, the defendant, and that he be imprisoned or bailed, as the case may be.

ANTHONY GIATTINO
Criminal Investigator
United States Attorney's Office
Southern District of New York

Sworn to before me this
31st day of July, 2017

HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5