

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 29, 2019

**BY ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States Circuit Judge
United States Court of Appeals for the Second Circuit
500 Pearl Street
New York, New York 10007

      Re:  *United States v. Daniel Sherlock*, 17 Cr. 597 (RJS)

Dear Judge Sullivan:

      The Government submits this supplemental letter in advance of sentencing of defendant Daniel Sherlock (the "defendant") to briefly address the psychosexual report of court-appointed expert Dr. McCarthy, dated June 10, 2019 (the "McCarthy Report), as well as the forensic psychological evaluation report of Drs. Cohen and Candio, dated May 7, 2019 (the "Cohen Report").  Having reviewed both reports, as well as the revised Presentence Investigation Report ("PSR") dated August 20, 2019, the Government maintains that a sentence within the Guidelines Range of 63 to 78 months' imprisonment is sufficient, but no greater than necessary, to achieve the goals of sentencing.

      First, the McCarthy Report confirms, as the Government has long suspected, that the defendant is not serious about treatment and is likely to reoffend.  Dr. McCarthy spoke with Dr. Thomas Comer, the defendant's therapist at Western Suffolk Center, who described the defendant as someone who is not "fully engaged with all treatment providers" and "does not fully appreciate the extent to which he needs mental health treatment."  (McCarthy Rep. 15.)  More troubling, Dr. Comer opined that the defendant "would not be as engaged in treatment if his sentencing was not looming" and described the defendant as an "inconsistent self reporter…an unreliable informant."  (McCarthy Rep. 15-16.)  These descriptions should be red flags to the Court; a clear warning that if the defendant is given (another) free pass at sentencing, he is likely to resume his troubling behavior because he does not fully appreciate the serious and damaging nature of his conduct.

      Second, the McCarthy Report also confirms that the defendant has a "pervasive sexual interest in children."  (McCarthy Rep. 25.)  Although Dr. McCarthy notes there is no evidence to suggest that the defendant has a history of having sexual contact with minors, she finds the defendant's use of child pornography for sexual gratification and frequent sexual fantasies about minors extremely troubling.  This obsession with child pornography also makes it likely that the defendant will reoffend absent a clear commitment to therapy.

Third, the Court should give the Cohen Report little weight in fashioning an appropriate sentence. The Cohen Report appears to be based almost exclusively on self-reporting by the defendant and his mother. The problem with this lies in the fact that the defendant is an "unreliable informant," (McCarthy Rep. 16), particularly when it comes to his own conduct. For example, the Cohen Report notes that the defendant "by his own admission…did not act in a surreptitious manner or make attempts to conceal his ill-advised viewing of [child pornography] at his place of employment." (Cohen Rep. 11.) But, in fact, the opposite is true. As set forth in the Complaint, which Drs. Cohen and Candio do not appear to have reviewed, the defendant installed on his work computer a program named "CCleaner," which is a privacy and cleaning tool that removes files, cleans the computer registry, and cleans traces of online activities. (Compl. ¶ 7(d).) Similarly, the defendant claims that "therapy has been very effective for him in terms of addressing addiction and in staving off thoughts of self-harm," (Cohen Rep. 3), but his treatment provider, Dr. Cromer, reports the exact opposite to Dr. McCarthy. Respectfully, it should give the Court pause that Drs. Cohen and Candio, in conducting an evaluation of the defendant, did not think to consult with the defendant's current treatment providers before concluding, among other things, that the defendant does not suffer from pedophilic disorder or borderline personality disorder, and that the defendant's autism was a contributing factor to his downloading and collecting child pornography. (Cohen Rep. 1-11.)

In any event, even if the defendant's criminal conduct does in fact stem from a developmental disorder such as autism, this fact alone does not justify a non-incarceratory sentence. In fashioning a fair and appropriate sentence, the Court must also consider the need to protect the public from further crimes of the defendant and to afford adequate deterrence to the defendant's criminal conduct. 18 U.S.C. § 3553(a)(2). In light of the history and characteristics of this defendant, including the fact that this is the defendant's second conviction for possessing child pornography, the Government submits that an incarceratory sentence is necessary to accomplish these goals of sentencing.

For the reasons set forth above, the Government respectfully submits that a sentence within the Guidelines Range would be fair and appropriate in this case.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By: _____
        Alexandra N. Rothman
        Louis A. Pellegrino
        Assistant United States Attorneys
        (212) 637-2580/2617

cc: Sabrina P. Shroff, Esq. (by ECF)