UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

DANIEL SHERLOCK,

                              Defendant.

No. 17-cr-597 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Pending before the Court is Defendant Daniel Sherlock's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic.  (Doc. No. 121 ("Def. Mot."); *see also* Doc. No. 124.)  The government opposes that request.  (Doc. No. 123 ("Gov't Opp'n").)  For the reasons set forth below, Sherlock's motion is DENIED.

This is Sherlock's second conviction for possessing child pornography.  Sherlock was first arrested in 2014, when Nassau County police officers discovered on his computer several images of minors engaged in various graphic, sexual acts.  (Presentence Investigation Report ("PSR") ¶ 57.)  Despite the seriousness of that crime, Sherlock was ultimately sentenced to just three years' probation.  (*Id.*)  Unfortunately, those three years did not go smoothly.  During that time, Sherlock not only sent a nude photo of himself to someone, but he also had access to a Tumblr page and several undisclosed email addresses, all in violation of the terms of his probation.  (*Id.*; Doc. No. 123 at 6.)

In June 2016, while still on probation, Sherlock began a job at the New York City Health and Hospitals Corporation, where he worked as a consultant in the company's management information systems department.  (PSR ¶ 18.)  The following spring, law enforcement agents

seized Sherlock's work-issued computer and discovered dozens of images of child pornography, some of which depicted prepubescent minors. (Gov't Opp'n at 1; PSR ¶¶ 20–22.) Sherlock's computer also revealed that he had attempted to cover his tracks by using a software program to erase traces of his online activity. (PSR ¶ 23.) Shortly thereafter, Sherlock was charged with one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2. (Doc. Nos. 1, 9.)

Sherlock spent the bulk of the time while his case was pending in various in-patient treatment programs. (PSR ¶¶ 77–80; Doc. No. 74 at 4–5.) Even during that period, however, Sherlock had difficulty complying with the conditions imposed on him. Not only did he smoke marijuana, but he also obtained an unauthorized cell phone, which he attempted to use to contact an escort service. (Gov't Opp'n at 6; PSR ¶ 88.)

Eventually, on October 17, 2018, Sherlock pleaded guilty, without the benefit of a plea agreement, to the lone count in the indictment. (Doc. No. 65; Gov't Opp'n at 1.) The U.S. Probation Office concluded that the advisory Sentencing Guidelines range was 63 to 78 months' imprisonment, but recommended a below-Guidelines sentence of 36 months. (PSR ¶ 110; PSR Addendum at 28; *see also* Gov't Opp'n at 1.) A little under a year later, on September 6, 2019, the Court sentenced Sherlock below even that figure, to a term of 18 months' incarceration. (Doc. No. 104 ("Sentencing Tr.") at 51.) In so doing, the Court explained that the medical and family challenges that Sherlock had faced over his life merited a lenient sentence. (*Id.* at 12, 47.) Still, the Court was careful not to minimize the severity of Sherlock's crime, and stressed that this was now Sherlock's second conviction for possession of child pornography and that Sherlock had a checkered track record while attending in-patient treatment. (*Id.* at 44–46; *see also id.* at 48–49 ("I do think the fact that there is a prior conviction here . . . speak[s] to the need for some deterrence,

2

specific deterrence.  And Dr. Cromer's statements . . . suggest that some period of incarceration is appropriate[] to send that message.").)

Sherlock is currently being held at FMC Devens in Massachusetts.  Thus far, Sherlock has served approximately 16 months of his sentence and is projected to be released on January 27, 2021.  (Def. Mot. at 1.)

On November 30, 2020, Sherlock filed the instant motion seeking compassionate release. In short, his argument is that he has a host of underlying comorbidities, including obesity, that render him at increased risk for serious complications if he contracts COVID-19.  (*Id.* at 1–2, 5–7.)  He asserts that this fact, along with his rehabilitative work, the small amount of time remaining on his sentence, and the conditions of his confinement since the onset of the pandemic, all merit an early release.  (*Id.* at 2, 5–6; Doc. No. 124 at 1.)  The government opposes that motion on the grounds that an early release would undermine the goals of Sherlock's sentence.  (Gov't Opp'n at 5–7.)

"The Court 'may not modify a term of imprisonment once it has been imposed except pursuant to statute.'"  *United States v. Felix*, No. 12-cr-322 (RJS), 2020 WL 4505622, at *1 (S.D.N.Y. Aug. 4, 2020) (quoting *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020)).  "Section 3582(c)(1)(A) provides one such exception, often referred to as 'compassionate release.'"  *Id.*  "Through that provision, a court may 'reduce' a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction," and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and 'applicable

policy statements issued by the Sentencing Commission.'"[1]  *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

As the text of § 3582 makes clear, even if "extraordinary and compelling reason" exists, a court cannot grant compassionate release without first considering the sentencing objectives embodied in § 3553(a).  In this context, "the § 3553(a) factors provide a counterweight to 'extraordinary and compelling reasons' calling for a reduction of the defendant's sentence." *United States v. Musa*, No. 90-cr-863 (RJS), 2020 WL 6873506, at *5 (S.D.N.Y. Nov. 23, 2020). "Put differently, the § 3553(a) factors are assessed to determine whether they 'outweigh the extraordinary and compelling reasons warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.'"  *Id.* (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

Even assuming that Sherlock has identified "extraordinary and compelling reasons" favoring his release, the § 3553(a) factors compel the opposite result.  In particular, (i) "the nature and circumstances of the offense," (ii) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (iii) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a), all outweigh the facts that might otherwise support Sherlock's release.[2]  That is reason alone to deny Sherlock's motion.  *See United States v. Rosa*, No. 11-cr-569 (PAC), 2020 WL 6075527, at *3 (S.D.N.Y. Oct. 15, 2020) (denying compassionate release despite the presence of "extraordinary and compelling reasons" because the § 3553(a) factors did not favor such relief);

---

[1] Where, as here, the compassionate release motion was made by the defendant himself, rather than by the Bureau of Prisons, U.S.S.G. § 1B1.13 is not an "applicable" policy statement.  *See United States v. Brooker* (*Zullo*), 976 F.3d 228, 235–37 (2d Cir. 2020).

[2] Though certain of the other § 3553(a) factors are either neutral or slightly favor Sherlock's release – for example, "the need for the sentence imposed . . . to provide [Sherlock] with needed . . . medical care," 18 U.S.C. § 3553(a)(2) – they are far outweighed by the other considerations discussed herein.

*United States v. Walter*, No. 18-cr-834 (PAE), 2020 WL 1892063, at *2–3 (S.D.N.Y Apr. 16, 2020) (same); *United States v. Butler*, No. 19-cr-834 (PAE), 2020 WL 1689778, at *2–3 (S.D.N.Y. Apr. 7, 2020) (same).

Indeed, having considered the record as a whole, the Court concludes that its reasons for imposing a sentence of 18 months' imprisonment are just as applicable today as they were in 2019 (Sentencing Tr. at 44–50), and that a reduction in sentence is therefore inappropriate. *See United States v. Prelaj*, No. 16-cr-55 (RJS), 2020 WL 3642029, at *3 (S.D.N.Y. July 6, 2020). Of particular concern is that, by releasing Sherlock early, the Court would be undermining the goals of that already lenient sentence. And avoiding such an outcome is especially critical here given that Sherlock's prior conviction for possessing child pornography did not deter him from reoffending. *See United States v. Broadus*, No. 17-cr-787 (RJS), 2020 WL 3001040, at *3 (S.D.N.Y. June 4, 2020) (explaining that it was inappropriate to cut short the defendant's sentence where "his prior term of incarceration did not deter him from engaging in the instant criminal conduct")). In addition, Sherlock's misconduct while he was awaiting sentencing further demonstrates that a sentence below 18 months would send the wrong message. (*See, e.g.*, Sentencing Tr. 49.)

At bottom, the Court is sympathetic to Sherlock's concerns for his health, "but the relief he seeks is an inappropriate remedy in these circumstances." *Broadus*, 2020 WL 3001040, at *3 (internal quotation marks omitted); *see also Ebbers*, 432 F. Supp. 3d at 431 (acknowledging that compassionate release should not "undermine the goals of the original sentence"). For all those

reasons, Sherlock's motion for compassionate release is, respectfully, DENIED.  The Clerk of

Court is directed to terminate the motion pending at document number 121.


SO ORDERED.

Dated:          December 9, 2020
                New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation