UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

DANIEL SHERLOCK,

                    Defendant.

---

No. 17-cr-597 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of a letter from the government requesting that the Court order the United States Social Security Administration (the "SSA") to disclose Defendant Daniel Sherlock's social security and medical records in connection with the Court's determination of Sherlock's ability to pay a $5,000 special assessment under the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014.  (Doc. No. 144.)  Sherlock objects to this request, arguing that his social security "application contains personal and private information about his mental and physical health" that is not germane to the sentencing issue before the Court.  (Sherlock's Nov. 16, 2022 Ltr. at 1.)[1]  For the reasons stated below, the objection is overruled, and the government's request is granted.

Section 3661 of Title 18 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.  Relying on this provision, the Second Circuit has held that "[f]or

---

[1] Defense counsel has not filed Sherlock's November 16, 2022 letter on the public docket.  She is directed to do so upon receipt of this order.

purposes of sentencing," the district court "is virtually unfettered with respect to the information it may consider." *United States v. Alexander*, 860 F.2d 508, 512–13 (2d Cir. 1988).

Here, the Second Circuit asked this Court to "make specific findings regarding the defendant's indigence" and "conduct such additional proceedings as it deems appropriate in aid of making such a determination." (Doc. No. 107 at 1.)  On remand, the Court identified a number of factual issues that may be relevant to its indigence determination, including Sherlock's medical conditions and the status of Sherlock's application for SSI disability payments.  (Oct. 18, 2022 Tr. 38:2–18.)  Because these factual issues cannot be resolved on the present record, the Court ordered the parties to submit written responses to the Court's inquiries and left open the possibility of holding an evidentiary hearing.  (*Id.* at 38:19–21; 39:21–40:4.)  The government now seeks the SSA's disclosure of Sherlock's records so that the parties can "fully answer all of the Court's questions."   (Doc. No. 144 at 1.)   Since the requested records are relevant to the Court's determination of Sherlock's indigence under the JVTA, and since Sherlock has identified no justification for placing a "limitation" on the Court's ability to "receive and consider" such documents, 18 U.S.C. § 3661, the government's request is GRANTED.  Accordingly, IT IS HEREBY ORDERED that the SSA shall promptly furnish to the government and defense counsel certified copies of the complete medical records and all benefit applications, appeals documents, questionnaires, doctor reports, determinations, and award or denial notices in its possession pertaining to Sherlock.

Nevertheless, while documents that are "relevant to the performance of the judicial function" – including sentencing – are considered "judicial documents" and thus presumptively accessible to the public, *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), a district court may redact or place under seal a judicial document when law enforcement or privacy interests

"outweigh" the presumption of public access, *id.* at 147.  In the present case, because the requested social security and medical records will likely contain Sherlock's personally identifiable and medical information – such as Sherlock's home address, social security number, and medical history – the Court finds that the presumption in favor of open records is outweighed by Sherlock's privacy interests.  Accordingly, IT IS FURTHER OREDERED that the government and defense counsel shall limit the distribution and disclosure of any materials produced in response to this order to the government's counsel, defense counsel, federal investigative agencies and agents directly involved in this matter, and the United States Probation Office; and that the SSA and its agents and employees involved in complying with this order shall not be subject to penalties under 5 U.S.C. § 552a(b).

The Clerk of Court is respectfully directed to terminate the motion pending at Document No. 144.

SO ORDERED.

Dated:          November 17, 2022
                New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation